STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
August 13, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DAVIS MEMORIAL HOSPITAL,**
**Employer Below, Petitioner**

**vs.)    No. 13-0441** (BOR Appeal No. 2047761)
                        (Claim No. 2012003508)

**HOWARD W. BENNETT,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Davis Memorial Hospital, by Toni J. Minner, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Howard W. Bennett, by Robert L. Stultz, his attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 3, 2013, in which the Board affirmed an October 1, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 9, 2012; September 15, 2011, and two August 2, 2011, decisions. The Office of Judges held the claim compensable for a lumbosacral strain and a herniated disc with radiculopathy, and it authorized several treatment requests from Mr. Bennett. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bennett worked as a courier for Davis Memorial Hospital. On July 22, 2011, Mr. Bennett felt something move in his back while carrying a tray of instruments. He finished working that day, but when he woke up the next morning he experienced pain in his lower back radiating into his right leg. The next day, Mr. Bennett sought treatment at Davis Memorial Hospital and was diagnosed with a lumbosacral strain and sciatica. An x-ray taken at that time showed degenerative joint disease. Mr. Bennett then came under the care of Johnny Smith, D.O.,

1

who had an MRI taken of Mr. Bennett's lumbar spine. Dr. Smith then diagnosed him with a lumbosacral strain and a herniated L5-S1 disc. Dr. Smith found that Mr. Bennett's injury was directly related to his work because his symptoms were consistent with a lifting injury. Mr. Bennett filed an application for workers' compensation benefits based on Dr. Smith's diagnosis. On August 2, 2011, the claims administrator rejected Mr. Bennett's claim. In a separate decision issued on the same day, the claims administrator also denied authorization for the treatment Mr. Bennett received from Davis Memorial Hospital. Mr. Bennett was then referred to Richard A. Douglas, M.D., who found the MRI demonstrated that he had L5 radiculopathy and an L5-S1 migrated disc fracture. Dr. Douglas recommended that Mr. Bennett receive nerve root injections, an electromyography (EMG) study of his lower extremity, and physical therapy to treat his injury. On September 15, 2011, the claims administrator denied authorization for the nerve root injections, EMG, and physical therapy requested by Dr. Douglas. On January 9, 2012, the claims administrator also denied authorization and repayment for the services provided by Dr. Smith. Bill Hennessey, M.D., then evaluated Mr. Bennett and found that he did not suffer a herniated disc in the course of and resulting from his employment. Dr. Hennessey suggested that Mr. Bennett experienced a spontaneous herniated disc while he was sleeping. On October 1, 2012, the Office of Judges reversed all four of the claims administrator's decisions. The Office of Judges held the claim compensable for a lumbosacral strain and a herniated disc with radiculopathy. The Office of Judges also authorized the treatment from Davis Memorial Hospital, services from Dr. Smith, a nerve root injection, an EMG, and physical therapy. The Board of Review affirmed the Order of the Office of Judges on April 3, 2013, leading Davis Memorial Hospital to appeal.

The Office of Judges concluded that Mr. Bennett suffered a compensable injury on July 22, 2011, in the course of and resulting from his employment. In reaching this determination, the Office of Judges relied on the treatment notes from Davis Memorial Hospital and from Dr. Smith. The Office of Judges found that these notes demonstrated that Mr. Bennett suffered an injury as the result of an isolated and fortuitous event. The Office of Judges further determined, based on Dr. Smith's opinion, that Mr. Bennett's symptoms were consistent with a work-related injury. The Office of Judges considered the evaluation of Dr. Hennessey, but it found that his conclusions were speculative in nature. The Office of Judges also concluded that the requested treatment from Davis Memorial Hospital, the medical services provided by Dr. Smith, a nerve root injection, an EMG of the lower extremities, and physical therapy were medically related and reasonably required to treat Mr. Bennett's compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Bennett has presented sufficient evidence to show that he suffered a lumbosacral strain and a herniated L5-S1 disc in the course of and resulting from his employment. Mr. Bennett has also demonstrated that the requested medical treatments and services are medically related and reasonably required for those compensable conditions. Mr. Bennett has presented a sufficiently consistent account of his injury, and his account is supported by the initial treatment records from Davis Memorial Hospital and the records from Dr. Smith. The suggestion of Dr. Hennessey that Mr. Bennett's condition is the result of a spontaneous disc herniation is not sufficiently supported to undermine Mr. Bennett's account of his injury. Davis Memorial

2

Hospital had not presented any evidence demonstrating that the requested treatments and services are not related to the compensable injury or should not be authorized.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  August 13, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II